■ In the Matter of BARBARA HULTAY et al., Respondents, v MEI WU S., Appellant. [35 NYS3d 9]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered November 4, 2015, restraining respondent from any written, telephone, or in-person contact, howsoever initiated, with the incapacitated person, without first obtaining written consent from petitioners, and from publicly disclosing certain information concerning his health or finances, unanimously affirmed, without costs.

The record reflects that the guardianship order gave petitioners the authority to limit the incapacitated person's social environment, including who may contact him, as permitted by Mental Hygiene Law § 81.22 (a) (2). Respondent admitted to visiting the incapacitated person at a hospital and joining him at restaurants when he was dining with his children, without obtaining consent from his guardians. The record further

reflects that the court-appointed counsel for the incapacitated person and others stated that he expressed the desire not to have contact with respondent, his ex-wife, which was upsetting to him, and that he was vulnerable to manipulation. An evidentiary hearing was not required because the relevant facts were admitted by respondent, who denied petitioner's authority to restrict her contact with the incapacitated person despite the clear provisions of the guardianship order, from which she did not appeal.

The court properly granted an injunction, which is permitted in these circumstances under Mental Hygiene Law § 81.23 (b) (1). The confidentiality provisions of the order were appropriate in order to protect the incapacitated person's privacy and his business interests and in light of respondent's admitted refusal to consent to a confidentiality agreement.

We have considered respondent's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.