Appeals by Giacinto P. from (1) an order of the Supreme Court, Kings County (Michael L. Pesce, J.), dated May 13, 2016, and (2) an order of that court dated December 14, 2016. The order dated May 13, 2016, insofar as appealed from, after a hearing, granted those branches of the petitioner’s motion which were to enjoin Giacinto P. from visiting or contacting the incapacitated person and her husband for a period of two years, to restrict the visitation of the wife and children of Giacinto P. with the incapacitated person and her husband, and to appoint nonparty Venera B. as the standby guardian of the person of the incapacitated person. The order dated December 14, 2016, insofar as appealed from, directed Giacinto P. to pay attorney’s fees and costs and disbursements in the sum of $20,097.15 to the petitioner’s attorney.
 

 Ordered that the appeal from so much of the order dated May 13, 2016, as granted that branch of the petitioner’s motion which was to restrict the visitation of the wife and children of Giacinto P. with the incapacitated person and her husband is dismissed, as Giacinto P. is not aggrieved thereby (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
 

 Ordered that the order dated May 13, 2016, is affirmed insofar as reviewed; and it is further,
 

 Ordered that the order dated December 14, 2016, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the petitioner.
 

 Luisa P. (hereinafter the mother) and her husband (hereinafter the father) reside together and are the parents of Amedeo Joseph P. (hereinafter the petitioner) and Giacinto P. In a an order and judgment dated July 22, 2014 (hereinafter the guardianship order), the Supreme Court determined that the mother was an incapacitated person and appointed the petitioner as the guardian of her personal needs. The guardianship order gave the petitioner the authority to limit the mother’s social environment, including who may visit and contact her, as permitted by Mental Hygiene Law § 81.22 (a) (2). The guardianship order also limited Giacinto’s visitation with the mother to a set schedule and prohibited shouting or raised voices in front of the mother at any time.
 

 Following an incident that took place between Giacinto and one of the mother’s home health aides on May 3, 2015, in the presence of the mother and the father at their home, the petitioner moved, inter alia, to enjoin Giacinto from visiting or contacting the mother and the father. At a hearing held on the motion, video recordings of the incident made by Giacinto and his son were entered into evidence. The recordings depicted Giacinto conducting himself in a manner that violated the guardianship order’s prohibition on shouting or raised voices in front of the mother. It was established at the hearing that the mother and the father no longer wanted Giacinto or his wife and two children to visit them at their home. In an order dated May 13, 2016, the Supreme Court enjoined Giacinto from visiting or contacting the mother and the father for a period of two years, and permitted Giacinto’s wife and two children to visit them only on Sundays between 2:00 p.m. and 4:00 p.m. The court also appointed nonparty Venera B. as standby guardian of the person of the mother. Additionally, in an order dated December 14, 2016, the court directed Giacinto to pay attorney’s fees and costs and disbursements to the petitioner’s attorney. Giacinto appeals from both orders.
 

 Contrary to Giacinto’s contention, the Supreme Court properly enjoined him from visiting or contacting the mother and, under the unique circumstances presented in this case, the father as well, in effect, under Mental Hygiene Law § 81.23 (b) (1). The relief granted by the court was warranted in view of, inter alia, the events of May 3, 2015, the expressed desire of the mother and the father that Giacinto not contact them, and the evidence establishing that continued contact with Giacinto was detrimental to the mother’s health and welfare (see Matter of Hultay v Stanton, 140 AD3d 502 [2016]).
 

 Giacinto’s remaining contentions are either unpreserved for appellate review or without merit.
 

 Rivera, J.R, Dillon, Connolly and Iannacci, JJ., concur.